## No. 12,797.

### THE STATE VS. WILLIAM F. OWEN.

There are few uses of proporty that are nuisances *per se.*

A use which is not necessarily a nuisance is not to be treated as a nuisance.

A municipality is without power to suppress that which it may regulate..

ON APPEAL from the Sixth Recorder's Court of New Orleans..
*Arnauld, J.*

*A. E. Blackmar, amicus curiæ.*

*Deèngre, Blair & Denègre,* for Defendant, Appellant.

Argued and submitted June 13, 1898.

Opinion handed down June 20, 1898.

Rehearing refused (reasons assigned) December 5, 1898.

The opinion of the court was delivered by

BREAUX, J. An affidavit was made against the defendant charging him with having violated an ordinance of the council of the city of New Orleans relative to parking cars on Elysian Fields avenue.

On the trial of the case before the Reoorder's Court it was shown that the roads, of which the defendant is superintendent (the Morgan's Louisiana & Texas Railroad, and the Louisville & Nashville Company), exchange cars. The exchange is made on Elysian Fields avenue, a strip or portion of ground owned by the Pontchartrain Railroad Company, a company intimately related in business with the Louisville & Nashville Railway Company. The grounds on which the exchanges are made are known as the "neutral grounds" on "Elysian Fields."

Different from the "neutral grounds" on "Canal street," these grounds, we are informed, are private property. It sufficiently appears of record for the purpose of this case that the title is in the Ponchartrain Railroad Company, and that these grounds are partly in the possession and use of the Louisville & Nashville Railroad Company, with the written consent of the owner, the Pontchartrain Railroad Company.

It appears that without this interchange of cars, which is daily made on these "neutral grounds," the business of these roads would be considerably impeded.

The evidence also discloses that it is impossible to interchange cars without bringing them to a standstill.

We gather from the evidence: (as relates to the practical working of the exchange), the railroad company that has a car to be hauled some distance further than its *terminus* hauls it to the continuing road on the "neutral grounds" and places the car upon its (the continuing road) at this place, to be taken up and hauled to its place of destination.

To prevent the car from remaining a length of time on these grounds and the consequent alleged nuisance, the city of New Orleans, through its council, ordained that the parking of cars or the collection of cars on the "neutral grounds" of "Elysian Fields" is a nuisance, and that it is unlawful for any railroad company "to permit its engines, cars or trains of cars to *remain standing*" on these grounds "except so far as may be done by *trains in motion.*"

The penalty provided by the ordinance was imposed upon the defendant for the alleged violation. From the sentence defendant appealed.

The ordinance assumed that the exchange of cars is a nuisance and therefore seeks to suppress it entirely. It may be that it might be enforced so as to extend to cases of nuisance. We are not dealing with the possibilities of the ordinance, but with the ordinance as it is. Interpreting it as it reads, we do not think that it is legal. It treats as a nuisance *per se* an exchange which manifestly is not a nuisance *per se.*

The offence charged here is the delivery of cars and an exchange of cars.

There is no question here of the improper carrying on the work of exchanging cars and the injury thereby occasioned.

The ordinance seeks to stop the work. In our view the collecting of cars or stopping them on "Elysian Fields," done in a fair and reasonable way, gives no ground of complaint.

Yet, the ordinance in question would absolutely prevent the stop even for a very short time, and render exchange of cars impossible.

The ordinary use of property can not be thus prevented.

For reasons assigned in State vs. Marshall, 50 An. —, the judgment is reversed.

It is therefore ordered, adjudged and decreed that the judgment appealed from is annulled, reversed and avoided; the ordinance is declared illegal and null. Plaintiff's demand is rejected and the action dismissed.

### On Application for a Rehearing.

BREAUX, J. For reasons assigned in refusing the application for a rehearing in case of the State vs. Marshall (this day handed down), the application for a rehearing in this case is refused.